## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARCO ANTONIO LOAIZA FALLU,<br>    Petitioner,<br><br>    v.<br><br>LEONARD ODDO, et. al.,<br>    Respondents. | )<br>)<br>)<br>)    Civil No. 26-15<br>)<br>)<br>)<br>) |

## **OPINION**

Pending before the court are: (1) a pro se motion for status update filed by petitioner

Marco Antonio Loaiza Fallu ("Petitioner") (ECF No. 9); and (2) a motion filed by Petitioner's

counsel to enforce the court's order[1] that Petitioner receive an individualized bond hearing, with

brief in support (ECF Nos. 11, 13).  The government filed responses to the motions (ECF Nos.

14, 15), and the motions are ripe for decision.

The motion for an update on the status of his habeas petition (ECF No. 9) was mailed by

Petitioner on May 24, 2026.  The court's order and judgment on April 15, 2026 (ECF Nos. 7, 8)

were entered on the court's electronic filing system, but apparently not communicated to

Petitioner.  The motion, however, will be denied as moot because an immigration judge held an

individualized bond hearing on April 22, 2026, as ordered by the court on April 15, 2026.  The

transcript reflects that Petitioner participated virtually in that hearing (ECF No. 11-1).  Petitioner,

therefore, is aware of the outcome of his habeas petition.  Petitioner's counsel is instructed to

---

[1] The court issued an order on April 15, 2026, which granted in part the habeas petition (ECF No. 1), and directed a bond hearing to be held within 10 days of its order (ECF No. 7).

provide copies of the court's order and judgment to Petitioner forthwith, if he has not already done so.

In the motion to enforce, Petitioner, a citizen of Ecuador, admits that he received a bond hearing, but argues that the hearing did not result in an individualized determination and failed to comply with the court's April 15, 2026 order because the immigration judge did not consider all the evidence. Petitioner submitted a transcript of the bond hearing, which the court reviewed (ECF No. 11-1). In essence, Petitioner argues that the immigration judge made up his mind early in the proceeding that Petitioner was a flight risk because he was subject to a removal order and refused to consider the alternative arguments presented by Petitioner's counsel.

Respondents argue the motion to enforce should be denied. They contend: (1) Petitioner did not exhaust his administrative remedies by appealing the denial of bond to the Board of Immigration Appeals; and (2) the record confirms that he had a bond hearing that was fundamentally fair and satisfies due process. Respondents point out that the immigration judge based his decision on individualized factors; specifically, finding Petitioner had limited ties to the United States and was not be removed to Ecuador, which warranted the conclusion that he was a flight risk.

Federal courts "lack jurisdiction to review any discretionary determinations underlying the [immigration judge's] bond decision," and may only "review whether the bond hearing was fundamentally unfair" such that it violates the detainee's due process rights. *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); *see also Quinteros v. Warden Pike Cnty. Corr. Facility*, 784 F. App'x 75, 78 (3d Cir. 2019) ("Because we lack jurisdiction to review any discretionary determinations underlying the

[immigration judge's] bond decision, we are limited to reviewing only those of [Appellant's] challenges that pertain to the adequacy of process he received at his bond hearing.").

The United States Court of Appeals for the Third Circuit has advised that a bond hearing under 8 U.S.C. § 1226 is "fundamentally fair," and thus satisfies due process, if three essential elements are present: (1) factfinding based on a record produced before the decisionmaker and disclosed to the detainee; (2) the detainee is allowed to make arguments on his or her behalf; and (3) the immigration judge makes an individualized determination of the detainee's interests. *Ghanem*, 2022 WL 574624 at *2; *see also Quinteros*, 784 F. App'x at 78. This court's review of the bond hearing is limited to considering whether the hearing was fundamentally fair under *Ghanem*.[2]

The court reviewed the unofficial transcript of the April 22, 2026 bond hearing, which was provided by Petitioner.  The record reflects that Petitioner was represented by counsel and counsel made arguments on his behalf.[3]  The immigration judge noted there had been a merits hearing and Petitioner (a citizen of Ecuador) was ordered removed to Honduras (ECF No. 11-1). The government attorney opposed bond on the basis of flight risk because Petitioner did not have close relatives in the United States and opposed removal to Honduras even though he claimed fear of returning to Ecuador.  The government argued that Petitioner's real motivation was to

---

[2] Petitioner argues that the immigration judge applied the wrong burden of proof.  That argument, however, is foreclosed by binding precedent. *See Makeshov v. Oddo*, No. 3:26-CV-00808-JFC, 2026 WL 1579023, at *1 (W.D. Pa. June 3, 2026) (citing *Borbot v. Warden Hudson Cty. Corr. Fac.,* 906 F.3d 274, 278-79 (3d Cir. 2018)); *Modebadze v. Soto*, No. CV 26-1687, 2026 WL 1067835, at *1 (D.N.J. Apr. 17, 2026) ("Because the burden of proof under section 1226(a) remains on aliens at all times, *Borbot*, 906 F.3d at 278-79, the immigration judge did not misapply the standard of proof by requiring Petitioner to show that he was not a flight risk at his bond hearing."). In any event, that issue implicates a question of law, not the fundamental fairness of the hearing and should be addressed in an appeal from the decision of the immigration judge, not in a habeas proceeding.
[3] Whether to permit testimony is a discretionary decision for the immigration judge.  *See Jeddou v. Warden of Delaney Hall Det. Ctr.*, No. 2:26-CV-01203, 2026 WL 1005052, at *2 (D.N.J. Apr. 14, 2026) (denying habeas petition based on argument that immigration judge deprived Petitioner of an opportunity to testify).

stay for the economic benefits in the United States and he presented a risk that he would not voluntarily appear to be removed.  The immigration judge agreed with the government's arguments.

After reviewing the record, the court concludes the immigration judge made an individualized determination.  The immigration judge provided an oral explanation for the decision on the record, which enabled this court to meaningfully review the decision.  The decision was based on flight risk.  The immigration judge noted that Petitioner had limited ties to the United States, and had been ordered to be removed to Honduras, not Ecuador.  The immigration judge doubted that Petitioner would succeed on his appeal of that decision.

Those are individualized circumstances, which the immigration judge considered.  The immigration judge was not convinced by the argument of Petitioner's counsel concerning flight risk.  Petitioner or this court may disagree with the immigration judge's decision, but that disagreement is not sufficient to show the hearing was fundamentally unfair.  This court lacks jurisdiction to overturn the immigration judge's discretionary determination.  *Habibi v. Barr*, 445 F. Supp.3d 990, 997 (S. D. Cal. 2020) (court lacks jurisdiction to review immigration judge's discretionary determination about flight risk).

In sum, the bond hearing had each of the essential elements of a fundamentally fair bond hearing and complied with Petitioner's due process rights.  Under those circumstances, any other arguments are beyond the scope of this court's review.  *See Ghanem*, 2022 WL 574624 at *2. The court need not address the parties' dispute about exhaustion of administrative remedies.

4

<u>Conclusion</u>

Because Petitioner received an individualized bond hearing, the motion to enforce court order (ECF No. 13) will be denied.  Petitioner's counsel is instructed to provide copies of this opinion and accompanying order to Petitioner forthwith.

An appropriate order follows.

Dated:  July 2, 2026

BY THE COURT:

<u>/s/ Joy Flowers Conti</u>
Joy Flowers Conti
Senior United States District Court Judge